# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOKKUWA K. ERVIN,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants.<br> / | CASE NO. 1:10-cv-01859-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF<br><br>(ECF Nos. 16)<br><br>TWENTY DAY DEADLINE |

Plaintiff Nokkuwa K. Ervin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court are Plaintiff's motions for injunctive relief, filed December 7, 2010. (ECF Nos. 16.)

Plaintiff seeks temporary restraining orders and injunctions directing that his disabled permanent disability status be restored; he be issued orthopedic shoes, a cane, and an egg crate mattress; arrangements be immediately made for him to be examined by a qualified neurologist and he be provided with a prescription for pain management therapy and physical therapy. (First Amended Compl. 29-30, ECF No. 16.) Plaintiff also seeks a temporary restraining order and injunction prohibiting any further harassment of Plaintiff and directing that he be immediately released from administrative segregation. (Id. at 41-42.)

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian Tug and Barge Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw.

1998). The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In a separate order issued concurrently with this order, the Court dismissed Plaintiff's complaint, with leave to amend. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks

jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969. Further, some of the orders sought by Plaintiff cannot be issued even assuming Plaintiff is able to amend to state one or more cognizable claims. For example, past misconduct usually does not confer standing to seek an order aimed at preventing future harm. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); Mayfield, 599 F.3d 970. Additionally, Plaintiff's equitable claim based on defendants' violation of the Armstrong remedial plan must be pursued through counsel for the class. Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999). Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions that are the subject of an existing class action "must be made through the class representative until the class action is over or the consent decree is modified." McNeil v. Guthrie, 945 F.2d 1163, 1166 (10th Cir.1991).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief, filed December 7, 2010, be DENIED.

It is ordered that this finding and recommendation be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **TWENTY (20) DAYS** after being served with the finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 9, 2011**             /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE