1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  NOKKUWA K. ERVIN,                          CASE NO. 1:10-cv-01859-AWI-BAM PC

10                           Plaintiff,       ORDER DISMISSING COMPLAINT, WITH
                                              LEAVE TO AMEND, FOR FAILURE TO STATE
11        v.                                  A CLAIM

12   CALIFORNIA DEPARTMENT OF                 (ECF No. 27)
     CORRECTIONS AND REHABILITATION,
13   et al.,                                  THIRTY-DAY DEADLINE

14                           Defendants.
15   _____/

16   **I.    Screening Requirement**

17        Plaintiff Nokkuwa K. Ervin ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 10, 2011, an order issued

19   dismissing the first amended complaint for failure to state a claim and granting Plaintiff leave to file

20   an amended complaint. (ECF No. 22.) Currently pending before the Court is the second amended

21   complaint, filed September 29, 2011. (ECF No. 27.)

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26   monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

27        In determining whether a complaint states a claim, the Court looks to the pleading standard

28   under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

1

1   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

3   demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

4   Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

5   544, 555, 127 S. Ct. 1955 (2007)).

6         Under section 1983, Plaintiff must demonstrate that each defendant personally participated

7   in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

8   the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

9   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

10   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

11   between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

12   Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

13   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

14   S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

16   **II.   Complaint Allegations**

17         Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

18   is housed at Kern Valley State Prison ("KVSP"). Plaintiff alleges that after he was transferred to

19   KVSP he was denied an egg crate mattress and orthopedic shoes for non-medical reasons. In June

20   2008, Plaintiff was issued a rule violation for possession of drugs which his cell mate admitted

21   belonged to him. Plaintiff complains that during the rule violation hearing he was denied the right

22   to present witnesses and defend himself against the accusations. In July 2009, Plaintiff was issued

23   a rule violation for battery on an inmate and was denied due process during the rule violation

24   hearing. Plaintiff brings this action against Defendants M. Biter, J. Akanno, Shittu, G. Adams, R.

25   Costina, D. Page, T. S. Arlitz, M. Miranda, S. Lopez, and R. Cruz seeking declaratory and injunctive

26   relief and compensatory and punitive damages.

27         For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

28   Plaintiff shall be given one final opportunity to file an amended complaint curing the deficiencies

described by the Court in this order.  Plaintiff is referred to the order issued August 10, 2011 for additional legal standards that could apply to his claims.

**III.   Discussion**

    **A.   Deliberate Indifference to Medical Needs**

    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

    Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).  "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

    While Plaintiff alleges that he was denied an egg crate mattress and orthopedic shoes, he fails to allege facts that show he had a serious medical need.  Additionally, Plaintiff's allegations that Defendants Shittu, Akanno[1], and appeal reviewers interfered with the orders of specialists by failing

---

[1]Defendant alleges claims against Defendant Akanno which occurred in October 2005 and January 2006. This action was filed on September 14, 2010, and these claims appear to be barred by the statute of limitations. Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.  California's statute of limitations for personal injury actions requires that the claim be filed within 2 years.  Cal. Code Civ. Proc. § 335.1: Jones, 393 F.3d at 927. Further, unless Plaintiff is serving a sentence of life without the possibility of parole, the statute of limitations is tolled for two years before it begins to run, resulting in a four-year period within which to file suit. Cal. Civ. Proc. Code § 352.1 (West).  Finally, under California law, which is applicable in this instance, Jones v. Blanas, 393 F.3d 918, 927 (2004), the equitable tolling doctrine tolls the statute of limitations while exhaustion occurs, Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318, 146

to provide an egg crate mattress and orthopedic shoes merely state a difference of opinion between medical providers regarding treatment that does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Since Plaintiff has failed to set forth factual allegations sufficient to show that a serious medical need existed he has failed to state a cognizable claim for deliberate indifference. Jett, 439 F.3d at 1096.

## B.   Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). Plaintiff alleges that he was denied due process in regards to rule violation hearings, however Plaintiff has not identified a protected liberty interest of which he was deprived without the procedural protections he is due under federal law.

### 1.   Rule Violation Reports

Plaintiff complains that the rule violation reports were false or contain deficiencies regarding the charges against him. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

### 2.   Grievance Procedure

To the extent that Plaintiff attempts to allege due process violations based on the grievance procedures he fails to state a cognizable claim. Actions in reviewing prisoner's administrative

Cal.Rptr. 224, 578 P.2d 941 (1978).

1    appeals cannot serve as the basis for liability under a § 1983 action. <u>Buckley v. Barlow</u>, 997 F.2d

2    494, 495 (8th Cir. 1993).  There is no liberty interest in a prison grievance procedure as it is a

3    procedural right only. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>Buckley</u>, 997 F.2d at 495.

4    ###    C.    <u>Declaratory Relief</u>

5         In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A

6    declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

7    judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>,

8    333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

9    purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

10   relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759

11   F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a

12   verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

13   violated.  Accordingly, a declaration that Plaintiff's rights were violated is unnecessary.

14   ###    D.    <u>Injunctive Relief</u>

15        Plaintiff seeks an injunction prohibiting employees from harassing or retaliating against him

16   in the future.  The Prison Litigation Reform Act places limitations on injunctive relief.  Section

17   3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison

18   conditions shall extend no further than necessary to correct the violation of the Federal right of a

19   particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

20   the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

21   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

22   the Federal right."  18 U.S.C. § 3626(a)(1)(A).

23        The relief requested by Plaintiff is not related to the underlying claims that Defendants were

24   deliberately indifferent to his medical needs and violated due process during rule violation hearings.

25   Since the relief sought would not remedy the violation of the Federal right at issue here, Plaintiff's

26   claim for injunctive relief is not cognizable.

27   ###    E.    <u>Rule 18</u>

28        Finally, the three claims that Plaintiff is attempting to pursue in this action are unrelated.  As

Plaintiff was previously informed, he may not pursue multiple, unrelated claims in this action. Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff will not be permitted to proceed with a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

**IV.   Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All

causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed September 29, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** __**December 12, 2011**__          _____/s/ **Barbara A. McAuliffe**_____
                                                  UNITED STATES MAGISTRATE JUDGE