# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOKKUWA K. ERVIN, | CASE NO. 1:10-cv-01859-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (ECF No. 38) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

I. **Screening Requirement**

Plaintiff Nokkuwa K. Ervin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 14, 2010. On August 10, 2011, an order issued dismissing Plaintiff's complaint, with leave to amend, for failure to state a claim. (ECF No. 22.) On December 12, 2011, Plaintiff's second amended complaint was dismissed, with leave to amend, for failure to state a claim. (ECF No. 30.) Currently before the Court is the third amended complaint, filed May 31, 2012. (ECF No. 38.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.    Third Amended Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Salinas Valley State Prison. Plaintiff brings this action against Defendants CDCR, Harrington, Biter, Arlitz, Miranda, Akanno, Shittu, Lopez, and Adams alleging violations of the Eighth and Fourteenth Amendments and is seeking monetary damages.

On June 25, 2008, Defendant Akanno received diagnostic tests from Kern Radiology Group describing Plaintiff's injuries, disc space narrowing shown at L5-sl, and Defendant Akanno failed to recommend or refer Plaintiff to a neurologist. Plaintiff has had back surgery in the past and a

history of debilitating back injuries. (Third Am. Compl. ¶ 15, ECF No. 38.) On September 29, 2008, Defendant Shittu received diagnostic test results from Kern Radiology Group and failed to recommend or refer Plaintiff to a neurologist. (Id. at ¶ 16.)

Plaintiff alleges that on June 8, 2010, while he was housed at Kern Valley State Prison ("KVSP"), someone threw marijuana and pills under his cell doors. The drugs were discovered by correctional officers and his cell was searched. (Id. at ¶¶ 1, 2.) When asked, Plaintiff's cell mate stated that the drugs belonged to him. (Id. at ¶ 3.) Plaintiff and his cell mate were placed in administrative segregation, and on August 5, 2010, Plaintiff received a rule violation report for possession of a controlled substance for distribution. (Id. at ¶¶ 4, 5.) Defendant Miranda found Plaintiff guilty of the rule violation on October 14, 2010. (Id. at ¶ 6.) Plaintiff contends that he was placed in administrative segregation and punished because he was celled with an inmate who possessed a controlled substance, and he does not have a right to refuse to cell with an inmate. (Id. at ¶¶ 7, 8.)

When Plaintiff was placed in administrative segregation all his property was packed, but his orthopedic shoes were not placed with his property. (Id. at ¶ 9.) Plaintiff filed a request for interview regarding his missing shoes, but the shoes were lost. (Id. at ¶ 10.) On June 29, 2010,[1] Plaintiff submitted a CDC 1824 and a medical slip because he was in pain when he walked, he wanted a change in medication and requested a chrono for waist restraints because having his hands cuffed behind his back caused him pain. (Id. at ¶ 11.) On July 4, 2010, Plaintiff notified Defendant Lopez that his orthopedic shoes were lost by correctional staff, and she failed to take action to replace the shoes. (Id. at ¶ 17.) On August 3, 2010, Plaintiff received the CD 1824 response stating that his orthopedic shoes could not be found, and a supplemental pair could not be issued because there were no molds for his feet. (Id. at ¶ 12.) On August 16, 2010, Plaintiff received noticed that his accommodation request would be before Defendant Lopez, and he sent her a letter and approximately 20 pages of exhibits. (Id. at ¶ 13.)

---

[1] The third amended complaint sets forth the date as June 29, 2012, however since Plaintiff's third amended complaint was filed on May 31, 2012, the Court assumes this is a typographical error and the form was submitted on June 29, 2010.

3

Plaintiff contends that Defendants failed to provide proper treatment, replace his orthopedic shoes, or provide adequate treatment for his back injuries while he was housed in administrative segregation. (Id. at ¶ 14.) Plaintiff was suffering from pain and not having his orthopedic shoes made the pain worse. In addition, the mattress caused Plaintiff pain making it difficult to sleep. (Id. at ¶ 18.)

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

### III. Legal Standards

#### A. Eighth Amendment

##### 1. Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 101 S. Ct. 2392, 2399(1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984 (1994).

##### 2. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi, 391 F.3d at 1060. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837, 114 S. Ct. at 1979.

**B.    Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221, 125 S. Ct. at 2393. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

**C.    Supervisory Liability**

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. A supervisor may only be held liable for the actions of his subordinates under section 1983 if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**D.    Failure to Train**

The "failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact." Long v. County of Los Angeles, 442 F.3d

1178, 1186 (9th Cir. 2006); see City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989). The failure to train must be the moving force behind the constitutional violation. Canton, 489 U.S. at 391, 109 S. Ct. at 1206.

### E. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996).

## IV. Discussion

### A. Rule Violation

Plaintiff claims that he was found guilty of a rule violation based upon another inmate's sole possession of drugs which violated due process. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). Since Plaintiff does not have a liberty interest in being free from false accusations, the second amended complaint fails to state a due process claim based upon the rule violation report.

Plaintiff claims that he was found guilty of a rule violation by Defendant Miranda and placed in administrative segregation based upon his cellmate possessing drugs which is cruel and unusual punishment. To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Plaintiff has not set forth factual allegations to show that there was a substantial risk of serious harm to his health or safety by being found guilty of the rule violation. Plaintiff fails to state a cognizable Eight Amendment claim based

upon the rule violation.

### B. Administrative Segregation

Plaintiff claims that he was placed in administrative segregation in violation of due process and that his confinement was cruel and unusual punishment. Plaintiff's placement in administrative segregation resulted in restricted visits until 2014, and he was deprived of his orthopedic shoes and egg crate mattress which caused him pain.

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S.460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997). Plaintiff has not alleged facts to establish that the conditions he was subjected to while confined in administrative segregation imposed atypical and significant hardship on him in relation to the ordinary incidents of prison life. Keenan, 83 F.3d at 1088. The second amended complaint fails to state a cognizable due process claim based upon Plaintiff's confinement in administrative segregation.

Plaintiff's complaints regarding the conditions he was subjected to in administrative segregation fail to rise to the level of cruel and unusual punishment. Additionally, as discussed below, Plaintiff has failed to set forth factual allegations to show that any named Defendant was aware he was at risk of "unnecessary and wanton infliction of pain." Jett, 439 F.3d at 1096.

### C. Deprivation of Medical Appliances

While Plaintiff states that being denied his orthopedic shoes and egg crate mattress caused him to suffer pain, (ECF No. 38 at pp. 4-5[2]), the allegations in the third amended complaint fail to show that any named Defendant was aware that Plaintiff was in pain and failed to respond. Plaintiff

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

7

contends that from June 29, 2010 through September 8, 2010, Defendant Shittu refused to follow a prescription issued December 10, 2010 for an orthopedic egg crate mattress and a prescription issued August 5, 2003 or September 3, 2003 for orthopedic shoes. Plaintiff claims that Defendants Akanno and Shittu received diagnostic tests from Kern Radiology Medical Group in 2008 and failed to recommend or refer him to a neurologist. Plaintiff's complaint is devoid of any allegations that he informed Defendants Shittu or Akanno that he was in pain. Further, the fact that Defendants Akanno and Shittu received Plaintiff's x-rays is insufficient to establish that Plaintiff had a serious medical need that required referral to a specialist or that Defendants Akanno or Shittu were aware of such a need.[3]

Plaintiff alleges that on July 4, 2010, he notified Defendant Lopez, that his orthopedic shoes had been lost by correctional staff, and she failed to take action to replace his shoes. However, even assuming that Defendant Lopez received notice that Plaintiff's orthopedic shoes had been lost, this alone is insufficient for Defendant Lopez to infer that Plaintiff was at a serious risk of harm from the loss of his shoes. Farmer, 511 U.S. at 837, 114 S. Ct. at1979.

Additionally, Plaintiff contends that he wrote to Defendant Lopez on August 16, 2010, and informed her of the refusal to provide treatment that had been discontinued due to his placement in administrative segregation. Defendant Lopez allegedly refused to respond. Plaintiff cannot state a cognizable claim based only on the failure of a medical provider to follow the treatment plan of another physician. A difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff states that he submitted a CDC 1824 which stated he was in pain. The form was

---

[3] The Court notes that the third amended complaint states that the x-rays were received on June 25, 2008, and September 29, 2008, approximately two years prior to Plaintiff being placed in administrative segregation and deprived of his orthopedic shoes and egg crate mattress. However, even if these dates were to be June 25, 2010, and September 29, 2010, it would not change the analysis.

1  returned on August 3, 2010, stating that they could not find his shoes and his request for replacement
2  shoes was denied. Plaintiff fails to link any named defendant to the processing of the form. To the
3  extent that Plaintiff received notice that his accommodation request would be before Defendant
4  Lopez at the second level of appeal and he sent her a letter and exhibits, this is insufficient to show
5  that Defendant Lopez actually processed his form or received the documents from Plaintiff. The
6  complaint is devoid of any allegations that she did review his appeal, received any of the
7  correspondence, or that his accommodation request was reviewed at the second level. The
8  possibility of misconduct is insufficient to state a cognizable claim. Iqbal, 556 U.S. at 678, 129 S.
9  Ct. at 1949; Moss, 572 F.3d at 969.

10  Plaintiff's bare allegation that Defendant Adams denied his orthopedic medical devices for
11  non-medical reasons is insufficient to state a cognizable claim. Plaintiff has failed to allege facts to
12  show that Defendant Adams was aware that Plaintiff had a serious medical need.

13  While Plaintiff states that these orthopedic devices relieve extreme pain and by not having
14  them he has been in pain, the complaint is devoid of any factual allegations that he informed any
15  named Defendant that he was in pain. Deliberate indifference requires a showing that prison
16  officials were aware of a "substantial risk of serious harm" to an inmates health or safety. Thomas,
17  611 F.3d at 1150. Plaintiff has failed to allege facts to show that any Defendant was aware that he
18  was at a substantial risk of harm due to not having his orthopedic shoes or eggshell mattress,
19  therefore he fails to state a cognizable Eighth Amendment claim.

20  **D.     CDCR**

21  Plaintiff alleges that Defendant CDCR failed to adequately train, supervise, discipline or
22  control subordinate defendants. The Department of Prisons is a state agency entitled to Eleventh
23  Amendment Immunity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff may not bring
24  suit against the CDCR.

25  To the extent that Plaintiff may be attempting to state a claim against any named defendant
26  in their official capacity for failure to train or based upon a policy or procedure, Plaintiff has failed
27  to show that a policy or custom was the moving force behind a constitutional violation. Canton, 489
28  U.S. at 391, 109 S. Ct. at 1206, McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). The third

amended complaint is devoid of any factual allegations sufficient to state a cognizable claim based upon a policy or custom.

### E. Defendants Harrington and Biter

Plaintiff brings suits against Defendants Harrington and Biter based upon their position as Warden of KVSP alleging they were responsible for all policies, procedures, training, and supervising of employees. Since government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior* Plaintiff's claim based upon supervisory liability fails. Iqbal, 129 S. Ct. at 1948.

To the extent that Plaintiff alleges that Defendant Harrington was "informed of the disciplinary report upon the Institution Classification Committee," (ECF No. 38, p. 4), this is insufficient to establish liability for Defendant Harrington. Plaintiff's complaint is devoid of any allegations that Defendants Harrington or Biter "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Plaintiff fails to state a cognizable claim against Defendants Harrington and Biter.

### F. Defendant Arlitz

Plaintiff brings suit against Defendant Arlitz based upon his position of Associate Warden alleging that on July 11, 2010 Plaintiff wrote an inmate request for interview to Defendant Arlitz. Plaintiff states that Defendant Arlitz is responsible for ensuring that all rule violation reports and hearings are in compliance with the California Code of Regulations. Plaintiff contends that Defendant Arlitz failed to perform any of the requirements and duties under California law and the constitution which resulted in Plaintiff spending seven months in administrative segregation.

Defendant Arlitz cannot be held liable for the actions of his subordinates. To the extent that Plaintiff attempts to allege a claim based upon Defendant Arlitz involvement in the prison grievance process, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Additionally, the argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or

participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).

Finally, Plaintiff cannot state a claim under section 1983 based upon violations of the California Code of Regulations. There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).

### V.     Conclusion and Recommendation

The Court finds that Plaintiff's third amended complaint fails to state any claims upon which relief can be granted under § 1983 against any named defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted three opportunities to amend the complaint, with guidance by the Court. Plaintiff has now filed four complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 7, 2012**                    /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE